No. 22395.

Johnny Joe Gomez *v*. The People of the
State of Colorado.
(424 P.2d 387)

Decided March 6, 1967.

Mellman, Mellman & Thorn, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, PAUL D. RUBNER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the court.

GOMEZ was charged in a criminal information with feloniously, wilfully and maliciously breaking and entering "the building of Edith Rosamond, located at 2339 West 33rd Avenue *with the intent then and there to commit a crime . . . .*" (Emphasis added.)

To this charge Gomez pled not guilty, and upon trial a jury of his peers adjudged him guilty "as charged in the information." He was thereafter sentenced to a term in the state penitentiary, and by writ of error Gomez now seeks reversal of the aforementioned judgment and conviction.

Upon trial of this matter, after all of the evidence had been presented, Gomez moved the trial court to dismiss the information on the ground that the charge against him was legally insufficient in that certain material allegations were said to be lacking. Specifically, Gomez pointed out to the trial court that the information, as drawn by the district attorney, charged him with breaking and entering a certain described building "with intent then and there to commit a crime." According to Gomez, the allegation concerning the intent with which he allegedly "broke and entered" was insufficient, and that the information, in order to be legally sufficient in this regard, should have alleged the specific "crime" which he supposedly had the intent to commit once he gained entry to the building. The trial court overruled this motion. Gomez later urged the same matter in this motion for a new trial, which was denied by the trial court.

██ In this court the attorney general confesses error in this regard and concedes that the information, as drawn, is fatally defective. We agree, and the judgment therefore cannot stand.

13 Am. Jur. 2d at 341 reads as follows:

"In charging burglary a criminal intent must be alleged. The rule is well established, however, that even though in burglary and statutory housebreaking the intent, as defined by the law, is simply to commit a felony, it is not sufficient for the indictment to use these general words; *the particular felony intended must be specified.* The allegation of the ulterior felony intended need not, however, be set out as fully and specifically as would be required in an indictment for the actual commission of that felony. It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape, or arson. The word 'felony' is a generic term employed to distinguish certain high crimes, as murder, robbery, and larceny, from other minor offenses known as misdemeanors. The averment that the accused has broken and entered a dwelling house for the purpose of committing a felony fails wholly to apprise him of the specific offense which it is claimed he intended to commit. The defendant is not to be oppressed by the introduction of evidence which he cannot be prepared to meet. Accordingly, failure to demur to an indictment which does not specify the requisite intent does not constitute a waiver of the right to raise the objection of a motion for a new trial or on appeal, *since the specific intent is an essential element of the crime.*

"By statute in some states, it is provided that a general allegation of felonious intent, without describing the particular felony intended to be committed, will be sufficient." (Emphasis added.)

It is to be noted that Colorado has no statute providing that, in. the case of burglary, a general allegation

of felonious intent, without naming the particular felony intended to be committed, is sufficient.

Our research has convinced us that by the great weight of authority an information charging burglary must specify by name, at least, the ulterior crime which it is alleged the accused intended to commit upon entry into the building. One essential element in a charge of burglary is that at the very time and place of the breaking and entering the accused have an intent to commit therein a specific crime. And this is a matter of substance, not form, and must be set forth in the information; otherwise, the charge is fatally defective. *Adkins v. State*, 389 P.2d 915, (Alaska).

The judgment is reversed.

MR. JUSTICE DAY not participating.