No. 22688.

RAYMOND PEDRO MARTINEZ *v.* THE PEOPLE OF THE STATE OF COLORADO.
(431 P.2d 765)

Decided September 18, 1967.

504

Edward H. Sherman, Joseph R. Quinn, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James W. Creamer, Jr., Assistant, Paul D. Rubner, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

Plaintiff in error, Raymond Pedro Martinez, was the defendant in the trial court and will be referred to herein as defendant.

The defendant and Rufus Max Apodaca were charged in a multi-count information and found guilty by a jury of the first four counts, namely, burglary, conspiracy to commit burglary, larceny, and conspiracy to commit larceny. On the first two counts, the defendant was sentenced on each to a term in the penitentiary of not less than one and not more than three years, the sentences to run concurrently. On the third and fourth counts of larceny and conspiracy to commit larceny, the defendant was sentenced to six months on each charge which sentences were suspended.

Rufus Max Apodaca was likewise found guilty on the same counts and sentenced. He also seeks reversal by his writ of error on generally the same assignments of error as argued by the defendant. See *Apodaca v. People*, 163 Colo. 509, 431 P.2d 763, announced the same date as our decision herein.

The following two contentions raised by the defendant's writ of error formulate the basis for reversal:

(1) That count one (burglary) and count two (conspiracy to commit burglary) of the information failed to allege offenses against the People of the State of Colorado, and accordingly the court was without jurisdiction over these offenses and could not validly sentence the defendant on these charges for which the jury returned verdicts of guilty; and

(2) That Instruction No. 16, regarding unexplained recent possession of stolen property, indicated to the jury that the burden of proving rightful possession was on the defendant, and that this instruction therefore had the effect of shifting the burden to the defendant to prove his innocence. As given, claims the defendant, this instruction is fatally defective.

I.

The first count of the information, insofar as pertinent, is as follows: —

". . . informs the Court that, on the eighth day of August, A.D. 1965, at the City and County of Denver, and State

of Colorado, RUFUS MAX APODACA and RAYMOND PEDRO MARTINEZ . . . did then and there feloniousiy, wilfully and maliciously break and enter, and did then and there feloniously, wilfully and maliciously without force enter the building of TUXALL UNIFORM MFG. CO., a corporation, located at 3704 Downing Street, with the intent then and there to commit a crime; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado."

■ This count, in charging that the defendant did break and enter "with intent then and there to *commit a crime*" is insufficient. It is required that a specific crime be alleged.

■■ One of the essential elements in a charge of burglary under C.R.S. 1963, 40-3-5 is that the accused have the intent to commit a specific crime at the very time and place of breaking and entering. In the recent case of *Gomez v. People,* 162 Colo. 77, 424 P.2d 387, this rule was clearly enunciated. We therein held that an information charging burglary must specify by name the ulterior crime which it is alleged the accused intended to commit upon entry into the building.

Conceding that count one of this information may be defective in its failure to allege the specific crime intended upon breaking and entering, the People, nevertheless, argue that the other counts of the information, and specifically the counts charging larceny and conspiracy to commit larceny, cure this defect. It is maintained on behalf of the People that these larceny counts indicated with particularity that the intended crime that accompanied the breaking and entering was larceny, and that therefore, the information does adequately apprise the defendant of the charge to which he is called upon to defend. In other words, by charging larceny in a subsequent count of this information, the defendant thereby is informed fully as to the charge of burglary he is called upon to defend. We have been referred to

no cases which support this proposition, and in our research, we have been unable to discover such a case. There are many cases, however, which follow the time honored and basic rule that one count in an information may by proper reference incorporate, without repeating, the allegations more fully set forth in another count. Such reference must be clear, specific and leave no doubt as to what provision of another count is intended to be incorporated. *State v. Unosawa,* 29 Wash. 2d 578, 188 P.2d 104, citing *Asgill v. United States,* 60 F.2d 780. See also generally 42 C.J.S. *Indictments and Informations* §§153, 154 and 27 Am. Jur. *Indictments and Informations* §192.

The burglary count of this information does not incorporate by reference either of the larceny counts nor do the larceny counts make any reference to the burglary count. In the absence of a clear and specific incorporation by reference, there must be a reversion to the general rule which states that each count of an information,

". . . to be valid, must be independent of the others, and itself charge the defendant with a distinct and different offense." *Roland v. The People,* 23 Colo. 283, 47 P.269.

The mere fact that larceny, as a part of the same transaction was charged in another count, is insufficient to fulfill the requirement that all the basic elements of a burglary charge must be alleged, including the intent of the accused to commit the specific crime at the time and place of breaking and entering. When burglary is charged, it is conceivable that the larceny was a mere by-product of the burglary and that the intent upon breaking and entering may well have been the commission of another specific crime.

■■ We therefore hold that the burglary count is fatally defective. Since the second count of the information (conspiracy to commit burglary) is reliant upon the sufficiency of the burglary count, it has no better status. Accordingly, we hold that the trial court did

not have jurisdiction over the offenses charged in either the first or second counts of the information. The judgments of the trial court on these counts must be reversed. These counts are ordered dismissed with leave granted to the People to file a new information as to these offenses.

II.

■ Instruction No. 16 to the jury is quoted as follows:

"The Court instructs the jury that the possession of stolen property recently after the commission of a theft or burglary may be a criminating circumstance tending to show that the person or persons in whose possession it was found was guilty of the offense of larceny, or of the offense of burglary, or of the offense of receiving stolen goods, as charged in the respective counts of the information, unless he has satisfied you from the evidence or from the facts and circumstances proven upon the trial that the defendant came into possession of the property honestly."

In his brief, the Attorney General expresses agreement with the defendant's contention that the giving of this instruction constituted prejudicial error. In *Russell v. People*, 125 Colo. 290, 242 P.2d 610, a similar instruction was interdicted because it required the defendant to prove his innocence to the satisfaction of the jury. We agree that the giving of Instruction No. 16 constituted prejudicial error to the defendant, and therefore, the judgments entered against the defendant on the third and fourth counts of the information are reversed and as to those charges this case is remanded to the trial court for a new trial.

The judgments are reversed as to the first and second counts of the information and these counts ordered dismissed with leave to refile. As to the third and fourth counts, the judgments are reversed and remanded for a new trial.