## No. 24696

## William Leon Loggins v.
## The People of the State of Colorado
(498 P.2d 1146)

Decided June 12, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, J. Noel Lohn, Deputy, Don L. Nelson, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

Plaintiff in error, William Leon Loggins, was convicted by a jury in the district court of Larimer County of the crime of attempted burglary. We affirm the judgment of conviction.

The record of proceedings shows that on July 18, 1969, between 9:00 and 9:30 p.m., the defendant and two confederates were apprehended after a citizen's call to the police, advising that an attempted burglary was in progress of the men's clothing store in Fort Collins, Colorado, known as Morris Alpert, Inc. The citizen-informant observed a man at the back door of the clothing store, attempting to break open the door. Another man was seen acting as a lookout in the alley behind the premises. It was shown that Loggins was the person attempting to break into the store. He was arrested near the back door. A tire iron was found at the base of the door which had extensive damage from the attempt to break it open.

Two allegations of error are asserted as grounds for reversal: first, that the information failed to set forth the essential ingredients or elements of the crime charged and failed to acquaint the accused of what he must meet at trial; second, that the trial court abused its discretion by allowing

the jurors to take notes during the trial. We find neither assignment meritorious.

The information was captioned INFORMATION AT-TEMPTED BURGLARY and charged the defendant in the following words:

"That on or about the 18th day of July, A.D., 1969, in the County of Larimer and State of Colorado JOSEPH RAY FISHER, LEE WOOD GROVE, JR., and WILLIAM LEON LOGGINS did then and there unlawfully and wilfully, feloniously and maliciously attempt to break and enter and without force enter, the building of MORRIS ALPERT, INC., 150 College Avenue, Fort Collins, Colorado, said building not the property of defendants, with intent then and there to commit the crime of theft from MORRIS ALPERT, INC.; contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the same People of the State of Colorado."

Objection to the sufficiency of the information was not raised by defendant until the conclusion of the People's evidence. No showing whatsoever was made by Loggins that he did not understand the charge against him or that he was hindered in the preparation of his defense by reason of the alleged insufficiency of the information.

Crim. P. 7(c) provides that the indictment or information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. C.R.S. 1963, 39-4-4, requires that the offense charged be set forth "* * *with such degree of certainty that the court may pronounce judgment upon a conviction* * *." In *Gallegos v. People,* 166 Colo. 409, 444 P.2d 267, where this problem was considered, it was stated:

"* * *An information is sufficient if it advises a defendant of the charge he is facing so that he can adequately defend against it. *Ciccarelli v. People,* 147 Colo. 413, 364 P.2d 368. This Court has also held that an information is sufficient if the charge is in the language of the statute. *Wright v. People,* 116 Colo. 306, 181 P.2d 447. However, an information need not follow the exact wording of the statute. *Cortez v. People,* 155 Colo. 317, 394 P.2d 346."

*See also, Petty v. People,* 156 Colo. 549, 400 P.2d 666. In *Ciccarelli v. People,* 147 Colo. 413, 364 P.2d 368, it was stated:

"* * *In answering this question we note that our decisions hold an information to be sufficient if it advises the defendant of the charges he is facing so that he can adequately defend himself and be protected from further prosecution for the same offense. *Johnson v. People,* 110 Colo. 283, 133 P.2d 789; *People v. Warner,* 112 Colo. 565, 151 P.2d 975.

"In *Sarno v. People,* 74 Colo. 538, 223 P. 41, it was held that the information need not charge in the exact language of the statute; that the information is sufficient if the charge is in language from which the nature of the offense may be readily understood by the accused and jury."

Measured by the foregoing test, we have no hesitancy in holding that the information in this case was sufficient to advise the defendant of the charge against him, to enable him to defend against it, and to protect him from further prosecution for the same offense.

Concerning the ruling of the court permitting the jury to make notes during the trial, this argument has been fully answered in *Billings v. People,* 171 Colo. 236, 466 P.2d 474, where we held that this matter was within the sound discretion of the trial court. *See American Bar Association Standards of Criminal Justice Trial by Jury,* § 4.2. It has not been demonstrated here that the trial court abused its discretion in permitting the jurors to take notes during the trial. We note that the trial court properly instructed the jury at the commencement of the trial and during the jury charge concerning the use of the notes made during the course of the trial.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.