## No. 26139

## The People of the State of Colorado v. Ronald Garner
(530 P.2d 496)

Decided January 13, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Edward L. Kirkwood, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE LEE.

Appellant was convicted by a jury of forcible rape, in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-401(1)(a). We affirm the conviction.

For a full understanding of appellant's arguments, we set forth in detail the procedural history of the case against appellant. Appellant was initially charged with one count of rape and an additional count of deviate sexual intercourse by force, in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-403(1)(a). Upon trial to a jury, a verdict of guilty was returned as to the rape count. The jury could not agree upon the second count of deviate sexual intercourse and a mistrial was declared as to that count.

Appellant's motion in arrest of judgment or for a new trial directed to the rape verdict was thereafter granted by the court on the ground that as to that count the information did not state a crime. Accordingly, the verdict of guilty was set aside.

The court then permitted the district attorney to amend the rape count of the information. Count two of the information was also amended to allege the specific nature of the deviate sexual intercourse charged. The court also allowed the district attorney to file six additional counts, which charged appellant with two additional rape counts, three additional deviate sexual intercourse counts, and one count of kidnapping. Before commencement of the second trial, the court, upon motion by the district attorney, dismissed all of the counts except the amended original forcible rape count and two counts of deviate sexual intercourse by force. Appellant was thereupon tried on the three counts and was convicted by the jury of forcible rape and acquitted by the jury of the two counts of deviate sexual intercourse by force.

The transaction out of which the charges against appellant arose, as developed by the People's evidence, showed that at about 8:30 in the evening on September 16, 1972, the victim, a young woman, was hitchhiking from Boulder to Denver and was given a ride by appellant. During the course of the criminal episode, which lasted over a period of approximately five hours, the victim was assaulted by appellant and forced to submit to various separate acts of sexual intercourse and deviate sexual intercourse. Specifically, she testified that she was forced by appellant to submit to three acts of sexual intercourse and four acts of deviate sexual intercourse.

When she was safely able to do so, the victim made immediate complaint to a police officer, who described her as being in an hysterical condition. A physical examination of the victim conducted at the Denver General Hospital confirmed that she had been choked and struck, as evidenced by abrasions on both sides of her neck and bruises on her right jaw. The examination further revealed the presence of spermatozoa in her vaginal canal.

Appellant testified in his own behalf. He totally denied the accusations of forcible deviate sexual intercourse, while admitting having two acts of sexual intercourse but with the consent of

the victim. Other defense evidence concerned the young woman's purported calm demeanor when she was observed by other persons at different intervals during the course of the evening.

## I.

■ Appellant contends the evidence was insufficient as a matter of law to sustain the conviction of rape. We find no merit to this contention and merely observe from the record of disputed evidence that the People presented ample competent evidence which, together with reasonable inferences therefrom, supported the verdict of guilty on the rape count. The credibility of the witnesses, the weight of their testimony, and the sufficiency of the evidence generally, under admittedly proper instructions of law, were matters for the jury's determination, with which this Court will not interfere.

## II.

■ Appellant further argues that the guilty verdict on the rape count and the not guilty verdicts on the counts of deviate sexual intercourse were inconsistent as a matter of law, and that under the decision in *Robles v. People,* 160 Colo. 297, 417 P.2d 232, the rape verdict must be set aside. It is clear from the record of evidence that the *Robles* principle has no application to the situation here. The evidence in support of the deviate sexual intercourse counts was not "the very same evidence" as that in support of the rape count; rather, the evidence was separate, distinct and independent.

■ The jury was not bound to accept all or none of the complaining witness' testimony. And, in accepting the victim's account of the forcible rape by appellant, it was not thereby bound to accept her account concerning the alleged forcible deviate sexual conduct. It is fundamental that the credibility of a witness is for the jury, which may accept or reject all or any part of the witness' testimony. *People v. Lewis,* 180 Colo. 423, 506 P.2d 125; *Maisel v. People,* 166 Colo. 161, 442 P.2d 399.

## III.

Appellant asserts that the judgment of conviction on the rape count must be reversed and an acquittal entered, for the reason that he had already been in jeopardy for the alleged rape in the first trial. He contends that when, after the first trial, the rape

conviction had been set aside on the motion in arrest of judgment for the reason that the information failed to charge him with a crime, it was constitutional error to permit the district attorney to amend the information to correct the fatal defect, and to permit the appellant's retrial for the same alleged criminal conduct. We do not agree that jeopardy had attached as a result of the first trial, under the circumstances.

Article II, Section 18, of the Colorado Constitution expressly provides:

"* * * Nor shall any person be twice put in jeopardy for the same offense. If the jury disagree, or if the judgment be arrested after the verdict, or if the judgment be reversed for error in law, the accused shall not be deemed to have been in jeopardy."

The jeopardy provision has been delineated in the criminal code, 1971 Perm. Supp., C.R.S. 1963, 40-1-401. Pertinent to the situation presented here is section 40-1-401(2)(b)(ii).

This Court has consistently held that jeopardy does not attach if the information is *insufficient in form and substance* to sustain a conviction. *Maes v. District Court,* 180 Colo. 169, 503 P.2d 621; *People v. Abrahamsen,* 176 Colo. 52, 489 P.2d 206; *Krutka v. Spinuzzi,* 153 Colo. 115, 384 P.2d 928; *Menton v. Johns,* 151 Colo. 276, 377 P.2d 104; *Markiewicz v. Black,* 138 Colo. 128, 330 P.2d 539; *Herman v. People,* 124 Colo. 46, 233 P.2d 873. The sufficiency of an information is a matter of jurisdiction. *Bustamante v. People,* 136 Colo. 362, 317 P.2d 885. It may be raised at any time in the proceedings, and after trial, by a motion in arrest of judgment, as was done in this case. Crim. P. 34. It follows that when the verdict here was set aside for failure of the information to charge the accused with a crime, no jeopardy attached.

Appellant's situation was in legal effect as though he had never been tried and it was, therefore, proper to permit the amendment of the rape count of the information, either as to substance or form, before his retrial. Crim. P. 7(e).

## IV.

Appellant further argues that his protection against double jeopardy was violated when the court permitted his retrial on the deviate sexual intercourse count, on which the jury disagreed at

the first trial. The trial court also permitted this count to be amended before retrial, and allowed an additional count of deviate sexual intercourse to be filed against appellant and tried.

■ Article II, Section 18, of the Colorado Constitution specifically provides that "* * * If the jury disagree, * * * the accused shall not be deemed to have been in jeopardy." It cannot be doubted that appellant was not in jeopardy as a result of the first trial and it was therefore proper to retry him on that charge. The amendment of that count was likewise permissible under Crim. P. 7(e).

■ We need not decide whether the court's allowing the filing of an additional count of deviate sexual intercourse was proper under 1971 Perm. Supp., C.R.S. 1963, 40-1-508, concerning the prosecution of multiple counts for the same act, in view of appellant's acquittal on both counts of deviate sexual intercourse. The alleged error in any event would be harmless under these circumstances.

We have considered appellant's other arguments for reversal and also find them to be without merit.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.