## No. 28404

### The People of the State of Colorado v. Bobbie G. Moore

(615 P.2d 726)

Decided September 2, 1980.

---

J.D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Anthony M. Marquez, Assistant Attorney General, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Steven H. Denman, Deputy, James England, Deputy, for defendant-appellant.

*En Banc.*

JUSTICE LOHR delivered the opinion of the Court.

Bobbie G. Moore, the appellant, was convicted in district court of driving while his license was suspended, section 42-2-130, C.R.S. 1973 (1979 Supp.) (count one), and Driving After Judgment Prohibited, section 42-2-206, C.R.S. 1973 (count two). Each conviction was based upon a plea of guilty. Moore appeals from orders denying certain motions for post-conviction relief directed to his conviction for Driving After Judgment Prohibited.[1] We reverse.

Two basic contentions provide the basis for this appeal. First, the appellant argues that count two fails to charge an offense. Second, the appellant urges that section 42-2-206, C.R.S. 1973, is constitutionally deficient in a number of respects. Because we agree with the appellant's first contention, we do not reach his second.[2]

Below the caption, on the title page of the direct criminal information by which the defendant was charged, appears the following language, apparently intended to summarize the charges:

"DRIVING WHILE LICENSE SUSPENDED, REVOKED OR DENIED [C.R.S. 1973, 42-2-130 as amended] HABITUAL OFFENDER [C.R.S. 1973, 42-2-206 as amended]"

On the next page count one is set forth in terms appropriate to charge a violation of section 42-2-130, C.R.S. 1973 (1979 Supp.). The third page is devoted to count two, which provides in full as follows:

"AND AS A FURTHER AND SECOND COUNT, AND PAUL Q. BEACOM, District Attorney as aforesaid, in the name and by the authority of the People of the State of Colorado, further informs the court [sic] that on the 12th day of July A.D., 1975, at 3547 St. Paul Street in the City and County of Denver, State of Colorado, BOBBIE G. MOORE was duly advised by certified mail that an Order of Revocation as a Habitual Offender under C.R.S. 1973, 42-2-202 and 42-2-203 as amended, had been entered and that his license was revoked effective July 31, 1975, and that said revocation would continue for a period of five years. This order of Revocation was duly entered by a competent legal authority in the premises, William J. Smyth, Chief of Driver Improvement Section, Motor Vehicle Department, Department of Revenue, for the State of Colorado; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado."

Notably absent from the charge are two elements of the crime of Driving After Judgment Prohibited: (1) operation of a motor vehicle in Colorado (2) while the order of revocation of the appellant's driver's

---

[1] The appellant has not appealed from his conviction for driving while his license was suspended, section 42-2-130, C.R.S. 1973 (1979 Supp.).

[2] Many of the constitutional questions with respect to the validity of section 42-2-206, C.R.S. 1973, have been resolved adversely to the appellant's position by our decision in *People v. McKnight,* 199 Colo. 313, 617 P.2d 1178 (1980).

license as an habitual offender was in effect.

The appellant moved to vacate the judgment and sentence pursuant to Crim. P. 12(b)(2), alleging that count two of the information is fatally defective. The trial court denied that motion. We conclude that the motion should have been granted.

## I.

■ An information is sufficient if it advises the defendant of the charge he is facing so that he can adequately defend himself and be protected from further prosecution for the same offense. *People v. Albo,* 195 Colo. 102, 575 P.2d 427 (1978); *People v. Ingersoll,* 181 Colo. 1, 506 P.2d 364 (1973). Section 16-5-202(1)(d), C.R.S. 1973 (now in 1978 Repl. Vol. 8), and Crim. P. 7(b)(2) both require that an information "set forth [the offense charged] with such degree of certainty that the court may pronounce judgment on a conviction."

■ Section 42-2-206, C.R.S. 1973, [3] defines a distinct offense. It prohibits one whose license has been revoked by reason of his status as an habitual traffic offender from operating a motor vehicle in this state while the order revoking his license remains in effect. It is therefore unlike the habitual criminal statute, section 16-13-101 to 103, C.R.S. 1973 (1978 Repl. Vol. 8) (1979 Supp.), which does not create a new or independent crime but rather prescribes circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous criminal conduct. *See Casias v. People,* 148 Colo. 544, 367 P.2d 327 (1961), *cert. denied,* 369 U.S. 862, 82 S.Ct. 952, 8 L. Ed. 2d 20 (1962).[4] A proper charge of a violation of section 42-2-206, C.R.S. 1973, must include not only an allegation that the license of an accused driver had been revoked upon a determination that he was an habitual traffic offender, but also an allegation that the accused was operating a motor vehicle on the highways of this state while that revocation was still in effect. The omission of the latter allegation resulted in a failure to advise the defendant of essential elements of the offense. The allegations in count two do not charge a crime.

------

[3] Section 42-2-206, C.R.S 1973, provides in pertinent part as follows:

"42-2-206. *Driving after judgment prohibited.* (1) It is unlawful for any person to operate any motor vehicle in this state while the revocation of the department prohibiting the operation remains in effect. Any person found to be an habitual offender, who is thereafter convicted of operating a motor vehicle in this state while the revocation of the department prohibiting such operation is in effect, is guilty of a class 5 felony. No portion of such sentence may be suspended, and no probation may be granted; except that, in a case where the defendant establishes that he had to drive the motor vehicle in violation of this subsection (1) because of an emergency, the mandatory prison sentence may not apply."

[4] The trial court apparently concluded that count two was merely a basis for enhancing the sentence for violation of count one. This is a misapprehension of the nature of section 42-2-206, C.R.S. 1973, which defines a distinct substantive offense.

The People argue that, if any defect is present in count two of the information, the defect is cured when counts one and two are read together. This argument is unsound. It has long been the general rule that each count of an information must be judged independently. *See* 41 *Am. Jur., Information and Indictments,* § 221 (1968). Absent a clear and specific incorporation by reference, each count of an information "to be valid must be independent of the others, and in itself charge the defendant with a distinct and different offense." *Roland v. People,* 23 Colo. 283, 286, 47 P. 269, 270 (1896); *accord, Martinez v. People,* 163 Colo. 503, 431 P.2d 765 (1967).

When an information fails to charge a crime, the court acquires no jurisdiction. *People v. Garner,* 187 Colo. 294, 530 P.2d 496 (1975); *People v. Westendorf,* 37 Colo. App. 111, 542 P.2d 1300 (1975). Accordingly, we hold that the trial court did not have jurisdiction over the offense charged in count two.[5]

The judgment of the trial court is reversed with respect to count two, Driving After Judgment Prohibited.

JUSTICE LEE does not participate.

---

[5] As count two was insufficient in form and substance to sustain a conviction, the appellant has not been in jeopardy on that charge. *People v. Garner, supra.*