**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellant,**

v.

**Walter Lew BOWEN,**
**Defendant-Appellee.**

**No. 81SA460.**

Supreme Court of Colorado,
En Banc.

Feb. 7, 1983.

Robert R. Gallagher, Jr., Dist. Atty., Catherine P. Richardson, Deputy Dist. Atty., Littleton, for plaintiff-appellant.

Jim Leventhal, P.C., Denver, for defendant-appellee.

ROVIRA, Justice.

The defendant, Walter Lew Bowen, was charged by information with the offense of theft by receiving.[1] Because one of the dates alleged was outside the period of the statute of limitations,[2] the People moved to amend the information. The trial court denied the motion and granted the defendant's motion to dismiss. We reverse.

On November 8, 1977, the Englewood Police Department received a burglary report pertaining to the theft of a number of firearms from the residence of Gary de Koevend. In May 1980, the Denver Police Department informed the Englewood Police Department that one of the weapons reported stolen in the burglary had been pawned in Denver by the defendant on May 12, 1980.

---

1. Section 18–4–410, C.R.S.1973 (1978 Repl.Vol. 8).

2. Section 16–5–401, C.R.S.1973 (1978 Repl.Vol. 8).

The defendant told police that he had purchased the gun from a man named "Nick" at a bar in December of 1978. De Koevend gave the police a written statement that Bowen was one of the few people who knew the location of the guns and that Bowen told him that he had told another man about the location of the weapons and in return had been given one of the stolen guns.

On December 10, 1980, an information was filed in the Arapahoe County District Court charging the defendant with the offense of theft by receiving, a class 4 felony. The information alleged that the offense occurred between the dates of November 7, 1977 (the date of the burglary) and May 12, 1980 (the date the weapon was pawned). Before a preliminary hearing was held, the defendant moved to dismiss the charge on the ground that the earlier date alleged was beyond the three-year statute of limitations.

The People then filed a motion to amend the information by changing the earlier date from November 7 to December 20, 1977. Holding that the statute of limitations was jurisdictional, the trial court denied the motion on the ground that it lacked jurisdiction. It held that despite the provisions of Crim.P. 7(e)[3] it was powerless to permit amendment of the information. It based its conclusion on *Bustamante v. District Court,* 138 Colo. 97, 329 P.2d 1013 (1958), which held that where an indictment contained no allegation of any specific offense committed within the limitations period the trial court had no jurisdiction to try the defendant. However, *Bustamante* did not deal with the question of whether a court has jurisdiction to entertain a motion to amend an information in such circumstances.

On appeal the People argue that the trial court did have jurisdiction to grant the motion to amend. Further, they contend that the information was not defective, be-

cause the crime of theft by receiving is a continuing crime, and thus the statute of limitations does not begin to run until the crime is completed—in this case, the day the gun was pawned. Because of our resolution of the first issue, it is unnecessary for us to address the second.

We are not persuaded that *Bustamante* is controlling in this case. *Bustamante* correctly held that a court has no jurisdiction to try a defendant under an indictment that does not state a public offense. *See People v. Moore,* 200 Colo. 481, 615 P.2d 726 (1980); *People v. Garner,* 187 Colo. 294, 530 P.2d 496 (1975). That, however, is altogether different from a conclusion that when faced with a faulty information the trial court has no jurisdiction to allow it to be amended.

In *Maraggos v. People,* 175 Colo. 130, 486 P.2d 1 (1971), we rejected the defendants' contention that the trial court lacked jurisdiction in the case because the original information failed to allege that the defendants acted with the requisite specific intent to commit the crime charged. We held that pursuant to Crim.P. 7(e) it was proper for the trial court to permit the People to amend the information to include the element of specific intent, and that the amendment cured the defect in the information. An information that fails to charge an essential element of the crime is just as defective as one charging an offense committed outside the statute of limitations—in neither case does the information contain allegations of a chargeable offense, and in both cases it would be improper for the court to try the defendant.

Crim.P. 7(e) is to be construed liberally. *People v. Hertz,* 196 Colo. 259, 586 P.2d 5 (1978). In this case, no prejudice will inure to the defendant by reason of the amendment. If anything, he will be benefited by it, because the period of time during which he is alleged to have committed the offense will be shortened.

---

**3.** Crim.P. 7(e) provides:

"The court may permit an information to be amended as to form or substance at any time prior to trial; the court may permit it to be amended as to form at any time before the verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

Consequently, we reverse the order of dismissal and remand for further proceedings consistent with the views expressed in this opinion.