Robert CERVANTES, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 83SC426.

Supreme Court of Colorado,
En Banc.

March 17, 1986.

David F. Vela, Colorado State Public Defender, Duane M. Kline, III, Diana L. De-Gette, Deputy State Public Defenders, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, First Asst. Atty. Gen., Robert Petrusak, Asst. Atty. Gen., Denver, Attorneys for respondent.

LOHR, Justice.

After a jury had been selected and sworn in Weld County District Court, the prosecution moved to amend a count of the criminal information charging the defendant, Robert Cervantes, with second degree assault. The trial court granted the motion. Thereafter, the jury found the defendant guilty of that charge as well as charges of third degree assault, resisting arrest and obstructing a peace officer. Cervantes appealed his conviction for second degree assault, challenging the propriety of the trial court's ruling allowing the amendment of the charge. The Colorado Court of Appeals held the amendment permissible un-

der Crim.P. 7(e) and sustained the judgment in *People v. Cervantes*, 677 P.2d 403 (Colo.App.1983). We granted certiorari and now affirm.

## I.

The events that resulted in Cervantes' conviction occurred on May 5, 1979. According to the evidence presented at the preliminary hearing and at trial, Cervantes went to the home of his estranged wife, Alice Cervantes, in Greeley to pick up his son and take him to a wrestling match in Denver. Alice Cervantes prepared some food for the defendant, and the two began arguing. The defendant slapped Alice Cervantes, and she ran to the house next door to call the police. The defendant followed her into the house, hung up the phone as she was trying to dial, and then pushed her out of the house. Alice Cervantes fell on the sidewalk as she was leaving the neighbor's house, causing her to receive a large bump on her head. In assessing the cause of her fall, Alice Cervantes did not know whether the defendant pushed her or whether she tripped. She then returned to her own home with the defendant, where they continued arguing.

Shortly thereafter, two uniformed police officers, Joseph Tymkowych and Raymond Leffler of the Greeley Police Department, arrived at Alice Cervantes' house. Tymkowych approached the house first, and Robert Cervantes met him on the porch. According to Tymkowych, Cervantes began shouting obscenities at him. Tymkowych informed Cervantes that the police officers merely wished to make sure that Alice Cervantes was not harmed. After Tymkowych moved towards the door of the house in an effort to see Alice Cervantes, the defendant shouted more obscenities and then delivered a blow with his fist to Tymkowych's chest. A scuffle involving both of the police officers and Cervantes ensued. During the scuffle, Cervantes called out to his wife's dog, a German Shepherd-Saint Bernard mix. He told the dog, "Sic 'em, boy, get them. Kill them." The dog proceeded to "grab" Tymkowych's ankle and then his shoulder. Although the dog did not break Tymkowych's skin, the grabbing left red marks on Tymkowych's shoulder. Before the officers managed to handcuff and arrest Cervantes, he either intentionally or inadvertently bit Leffler on the hand.

As a result of this incident, an information was filed against Cervantes charging him with first degree assault[1] on Officer Tymkowych, second degree assault[2] on Officer Leffler, and third degree assault[3] on Alice Cervantes. After the preliminary hearing, the trial court ruled that probable cause had not been established to support the first degree assault count. The court bound over that charge on second degree assault and directed the prosecution to file an amended information reflecting that lesser charge.

In response to the court's order, the prosecution filed a motion to amend the first count of the information against Cervantes and attached an amended count alleging in pertinent part that:

[O]n or about the 5th day of May, 1979, at the said County of Weld, State of Colorado, ROBERT CERVANTES, with intent to prevent Joseph Tymkowych, whom he knew and reasonably should have known to be a peace officer, did unlawfully, feloniously, and intentionally cause bodily injury to Joseph Tymkowych.

The trial court granted the motion. The amended count one stated that the alleged conduct by Cervantes violated section 18–3–203, 8 C.R.S. (1978), which is the Colorado statute that defines the offense of second degree assault.[4] The information did

---

1. § 18–3–202(1)(e), 8 C.R.S. (1978).

2. § 18–3–203(1)(c), 8 C.R.S. (1978).

3. § 18–3–204, 8 C.R.S. (1978).

4. At the time of the incident involved in the present case, section 18–3–203, 8 C.R.S. (1978), read in relevant part as follows:

   (1) A person commits the crime of assault in the second degree if:

not specify which subsection of the statute Cervantes had allegedly violated. In order to track more precisely the language of subsection (1)(c) of the statute, the information should have contained the phrase "from performing a lawful duty" following the words "whom he knew and reasonably should have known to be a peace officer."

After the jury had been selected and sworn, Cervantes orally moved to dismiss the amended first count of the information on the grounds that it did not state a cause of action and did not allege a mental state. The trial court denied Cervantes' motion and instead granted the prosecution's motion to amend count one further by inserting the words "from performing a lawful duty." The court stated its belief that the amendment was "just a matter of form" and that the information, together with the preliminary hearing, gave notice to Cervantes of the charge against him.

At the close of the prosecution's evidence, the defendant moved for a judgment of acquittal on each count, reiterating the argument that the statement of the charge in amended count one was legally insufficient. The trial court reduced the charge of second degree assault on Leffler to one of third degree assault. The court refused, however, to render a judgment of acquittal as to the amended second degree assault charge involving Tymkowych or as to the charge of third degree assault on Alice Cervantes. Robert Cervantes was subsequently convicted of second degree assault on Tymkowych, third degree assault on Alice Cervantes, and of obstructing an officer and resisting arrest in connection with his conduct towards Leffler.

On appeal, Cervantes challenged only the second degree assault conviction concerning Tymkowych, contending that the trial court should have dismissed the amended first count and should not have allowed the prosecution to amend it further. The court of appeals, by a divided vote, determined that Cervantes was adequately advised of the second degree assault charge involving Officer Tymkowych before the prosecution moved to amend the information further after the jury was sworn, and therefore the additional amendment was one of form and was properly allowed by the trial court. We agree with this determination.

## II.

"An information is sufficient if it advises the defendant of the charges he is facing so that he can adequately defend himself and be protected from further prosecution for the same offense." *People v. Albo*, 195 Colo. 102, 106, 575 P.2d 427, 429 (1978). The notice given to a defendant of the charges against him should be sufficient to ensure that he is not taken by surprise by the evidence offered at trial. *People v. Cooke*, 186 Colo. 44, 46, 525 P.2d

(a) With intent to cause serious bodily injury to another person, he does cause such injury to any person; or

(b) With intent to cause bodily injury to another person, he causes or attempts to cause such injury to any person by means of a deadly weapon; or

(c) With intent to prevent one whom he knows, or should know, to be a peace officer or fireman from performing a lawful duty, he intentionally causes bodily injury to any person; or

(d) He recklessly causes serious bodily injury to another person by means of a deadly weapon; or

(e) For a purpose other than lawful medical or therapeutic treatment, he intentionally causes stupor, unconsciousness, or other physical or mental impairment or injury to another person by administering to him, without his consent, a drug, substance, or prepara-

tion capable of producing the intended harm; or

(f) While lawfully confined or in custody, he violently applies physical force against the person of a peace officer or fireman engaged in the performance of his duties or while lawfully confined or in custody as a result of being charged with or convicted of a crime, he violently applies physical force against a person engaged in the performance of his duties while employed by or under contract with a detention facility, as defined in section 18–8–203(3), and the person committing the offense knows or reasonably should know that the victim is a peace officer or fireman engaged in the performance of his duties or a person engaged in the performance of his duties while employed by or under contract with a detention facility. . . .

(2) Assault in the second degree is a class 4 felony.

426, 428 (1974). An information need not follow the exact wording of the statute that defines the offense charged in the information. *Loggins v. People,* 178 Colo. 439, 441, 498 P.2d 1146, 1147 (1972). However, an information that fails to charge an essential element of an offense is defective. *People v. Bowen,* 658 P.2d 269, 270 (Colo. 1983). The sufficiency of an information is a matter of jurisdiction, so any conviction based on an information requiring major amendment is void. *Bustamante v. People,* 136 Colo. 362, 365, 317 P.2d 885, 887 (1957).

Defects in an information, however, can be cured by timely amendment. *People v. Bowen,* 658 P.2d at 270. Crim.P. 7(e) governs amendment of informations and provides as follows:

> The court may permit an information to be amended as to form or substance at any time prior to trial; the court may permit it to be amended as to form at any time before the verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

Crim.P. 7(e) is to be construed liberally to avoid the dismissal of cases for technical irregularities in an information that can be cured through amendment. *People v. Bowen,* 658 P.2d at 270; *People v. Hertz,* 196 Colo. 259, 260, 586 P.2d 5, 6 (1978).

■■■■ The present case involves the amendment of an information after the jury was chosen and sworn, not an amendment "prior to trial." Therefore, under the standards of Crim.P. 7(e), an amendment was permissible only if it was one of form, not substance, and if it charged no different offense and prejudiced no substantial rights of the defendant. In determining the sufficiency of a particular count alleged in an information, we have restricted our examination to the four corners of that count to make sure that the essential elements of a crime were alleged therein directly or incorporated by specific reference, and we have not allowed a defect in one count to be compensated for by averments contained in another count. *See People v.*

*Moore,* 200 Colo. 481, 485, 615 P.2d 726, 729 (1980); *Martinez v. People,* 163 Colo. 503, 431 P.2d 765 (1967). However, our examination has never been, and should not be, similarly restricted when we are deciding whether an information as a whole so adequately advises a defendant of the charges against him that an amendment to that information can be considered one of form. To the contrary, in evaluating the form/substance question for the purpose of a motion to amend, a count in an information cannot be viewed as setting forth a naked charge isolated from any surrounding circumstances. The facts in the present case demonstrate that the information, viewed together with the circumstances surrounding its initial amendment before trial, sufficiently advised the defendant of the charges against him.

As mentioned above, the second degree assault charge in question first appeared in an amended information filed by the prosecution at the direction of the trial court after that court issued an order determining that there was no probable cause to support the first degree assault charge contained in the first count of the prosecution's original information. The order stated the court's finding that "probable cause does not exist to believe that the offense as framed has been committed by the Defendant" and then stated that "said charge is bound over on assault in the second degree." The order directed the district attorney to "file an amended Information in this regard." In response to this order, the district attorney filed a motion to amend the information, requesting permission to "allege Second Degree Assault, a class 4 felony, instead of First Degree Assault, a class 3 felony." The amended information, missing the phrase "from performing a lawful duty," was attached to this motion. Even without looking at the amended information, Cervantes at this point should have realized that he was being charged with second degree assault on Officer Tymkowych.

The amended information itself then supplied sufficient notice of the specific second

degree assault charge against Cervantes. The information cited section 18–3–203, 8 C.R.S. (1978), as the basis for the charge against the defendant. Once directed to this statute, Cervantes could not help but conclude that he was being charged under subsection (1)(c) since that is the only subsection containing language that resembles the words used in the amended information.

The dissenting judge in the court of appeals read the amended count of the information as "at best" charging Cervantes with resisting arrest under section 18–8–103, 8 C.R.S. (1978),[5] *People v. Cervantes*, 677 P.2d at 405 (Tursi, J., dissenting), while the defendant contends that the language in that count would support a prosecution for third-degree assault under section 18–3–204, 8 C.R.S. (1978).[6] Each of these interpretations, however, requires that the information's language and its express reference to section 18–3–203 be ignored. Although we have stated in the past that the statutory reference in an information is an immaterial part of the information, *People v. Marion*, 182 Colo. 435, 437, 514 P.2d 327, 328 (1973), we made this statement in a case in which the information initially cited the wrong statute. In *Marion*, we refused to treat an amendment correcting the statutory citation as one of substance since the information had sufficiently informed the defendant of the charge he faced. This in no way implies that a correct citation, which provides clarification rather than confusion, should be disregarded or ignored.

Finally, from the time of the filing of the first information until the close of the prosecution's case, Cervantes was charged with second degree assault on Officer Leffler. The original information listed this charge as the second count and stated:

> that on or about the 5th day of May, 1979, at the said County of Weld, State of Colorado, ROBERT CERVANTES, with intent to prevent Raymond Leffler, whom he knew and reasonably should have known to be a peace officer and fireman, from performing a lawful duty, did unlawfully, feloniously and intentionally cause bodily injury to Raymond Leffler.

It then cited section 18–3–203 as the statute violated by this alleged conduct and did not mention subsection (1)(c). Thus, the second count of the original information and the amended first count differed only in the name of the officer who was allegedly assaulted and in the second count's inclusion of the phrase "from performing a lawful duty." Although the correctness of the second count would not compensate for a defect in the amended first count, *see People v. Moore; Martinez v. People*, it does indicate, for the purposes of determining the permissibility of a requested additional amendment, that Cervantes had reason to be aware of the relevant subsection of section 18–3–203, even without explicit mention of that subsection in the amended first count of the information. Accordingly, the further amendment after the jury was selected and sworn was a matter of form and did not charge a different offense or prejudice the substantial rights of the defendant. *See* Crim.P. 7(e).

We recently discussed the issue of the prosecution's ability to amend an informa-

---

5. Section 18–8–103, 8 C.R.S. (1978) stated in relevant part:

> (1) A person commits resisting arrest if he knowingly prevents or attempts to prevent a peace officer, acting under color of his official authority, from effecting an arrest of the actor or another, by:
> (a) Using or threatening to use physical force or violence against the peace officer or another; or
> (b) Using any other means which creates a substantial risk of causing physical injury to the peace officer or another.

> .    .    .    .    .
> (4) Resisting arrest is a class 2 misdemeanor.

6. Section 18–3–204, 8 C.R.S. (1978), states:

> A person commits the crime of assault in the third degree if he knowingly or recklessly causes bodily injury to another person or with criminal negligence he causes bodily injury to another person by means of a deadly weapon. Assault in the third degree is a class 1 misdemeanor.

tion after commencement of trial in *People v. Moody*, 674 P.2d 366 (Colo.1984). In that case, we upheld the trial court's entry of a judgment of acquittal based upon the insufficiency of the description of the charge in the information and agreed that a clarifying amendment proposed by the prosecution would have been one of substance. Our decision in *Moody*, however, does not control the result in the present case.

The defendant in *Moody* was charged with theft of rental property pursuant to section 18–4–402(1)(b), 8 C.R.S. (1978). According to the statute, a person commits theft of rental property if he knowingly fails to reveal the whereabouts of or to return the property to its owner "within seventy-two hours after the time at which he agreed to return it." The defendant rented a semi-trailer from a leasing company on January 4, 1982. He was required by the rental contract to return the trailer by midnight on January 6, 1982. As of March 9, 1982, when an information was filed against the defendant, he had not returned the trailer or revealed its whereabouts to the trailer's owner. As this court interpreted the information, that document alleged that "[b]etween January 4, 1982, to the 6th day of January A.D. 1982, ... [defendant] did feloniously, unlawfully, and knowingly fail to reveal the whereabouts of and return [the trailer] to [the owner or his representative]."[7] Thus, the information mistakenly listed the dates of the offense as the dates during which the defendant was lawfully renting the trailer.

Upon a motion made by the defendant at the close of the prosecution's case, the trial court in *Moody* granted a judgment of acquittal after refusing to allow the prosecution to amend the information. This court upheld the dismissal, stating that allegations of time in prosecutions commenced under section 18–4–402(1)(b) are substantive allegations which, in accordance with Crim.P. 7(e), may not be amended after the commencement of trial.

The reasons for dismissing the information in *Moody* were more compelling than in the present case. First, the information in *Moody* gave the defendant no indication of the time during which he allegedly violated the theft statute. Thus, if the trial court would have allowed the prosecution to amend the information, the defendant would have faced an importantly altered accusation, perhaps requiring a different defensive strategy than the one he had pursued under the initial information. Moreover, the amendment, if allowed, would have occurred after the close of the prosecution's case, thus compounding any possible prejudice to the defendant. This court in *Moody* considered that fact especially significant. *Id.* at 369.

In the present case, however, the amendment allowed by the court after the jury was sworn added little to Cervantes' knowledge of the charge against him. As already discussed, the information without the amendment was adequate to direct Cervantes' attention to section 18–3–203(1)(c); the addition of the previously omitted phrase merely served to perfect the congruence of the information and the statutory provision. Furthermore, the amendment at issue was requested and granted before either side had presented any evidence. Because the information as initially amended before trial in this case, judged in the context in which that information was filed, sufficiently notified Cervantes that he was being charged with second degree assault pursuant to section 18–3–203(1)(c), 8 C.R.S. (1978), we hold that the further amendment offered by the prosecution after the trial began was one of form, charging no different offense and prejudicing no substantial rights of the defendant. *See*

---

**7.** Three justices dissented in *Moody* on the basis that, properly construed, the information alleged that the specified dates described the period when the defendant lawfully obtained possession and that the information alleged, as the facts developed at trial showed, that the defendant had not returned the vehicle or revealed its whereabouts to its owner even at the time the information was filed, on March 9, 1982. Any ambiguity, in the view of the dissenting justices, could properly be cured by amendment under Crim.P. 7(e). *People v. Moody*, 674 P.2d at 369–71.

Crim.P. 7(e). Therefore, the additional amendment was properly allowed by the trial court.

The judgment of the court of appeals is affirmed.

VOLLACK, J., specially concurs, and ROVIRA, J., joins in the special concurrence.

QUINN, C.J., dissents.

VOLLACK, Justice, specially concurring:

I agree with the conclusion of the majority that the amendment to the information was a matter of form and not substance. I write separately, however, because the distinction which the majority finds between *People v. Moody*, 674 P.2d 366 (Colo.1984), and the present case is unpersuasive. While, at present, the case of *People v. Moody* is dispositive of the present issue, I concur rather than dissent because I believe *Moody* should be overruled.

## I.

As the majority correctly states, the defendant in *Moody* was charged with having stolen rental property. The statute prohibiting the theft of such property made illegal only that conduct which occurred after the expiration of the rental period specified in the rental agreement. The prosecution filed an information which alleged that the day of the crime was the day on which the defendant rented the property; not the day following the seventy-two hour statutory period after the date on which the defendant was to have returned the item. The particular time at or during which allegedly criminal conduct by a lessee occurred was an *essential element* of the offense defined by the statute and must be proved by the prosecution beyond a reasonable doubt. Thus, the majority in *Moody* held that the allegations of time were substantive allegations, not merely matters of form, and affirmed the trial court's dismissal of the criminal information.

That case, however, was split four votes to three. The dissent noted that the majority opinion would encourage subtleties and hypertechnical refinements in the construction of informations that would bear no relationship to the constitutional and statutory purposes that informations were meant to serve. This result would permit "a defendant who was adequately advised of the charges against him to withhold his objection until jeopardy has attached and thereby thwart achievement of the legitimate purposes of the criminal justice system." *Moody*, 674 P.2d at 371 (Lohr, J. dissenting). I agree.

If an information is somewhat ambiguous, the defendant has the right to demand the nature and cause of the accusation. Colo. Const., Art. II, §§ 16–25. This right is embodied in the requirements of Crim.P. 7(b)(2). Specifically, the offense must be set forth with such a degree of certainty that the court may pronounce judgment upon a conviction. Crim.P. 7(b)(2)(IV); § 16–5–202(1)(d), 8 C.R.S. (1978).

I agree with the dissent in *Moody*, that the information was sufficient. Because the time element was an essential one to be proved by the prosecution beyond a reasonable doubt, the majority held that the allegations of time were substantive and were, therefore, properly dismissed. However, we had previously held that there is no requirement that every element of the offense be alleged in the information. *Moody*, 674 P.2d at 370 (Lohr, J., dissenting) (citing *People v. Ingersoll*, 181 Colo. 1, 506 P.2d 364 (1973)).

Here, just as in *Moody*, the proposed amendment was an essential element to be proved by the prosecution beyond a reasonable doubt. The majority attempts to distinguish the information in *Moody* from the information in this case by arguing that the reasons for dismissing the information in *Moody* were more compelling than in the present case. This attempted distinction is unpersuasive. The majority argues that the information in *Moody* gave the defendant no indication of the time during which he allegedly violated the theft statute, while in the present case, the amendment added little to Cervantes' knowledge of the charge against him. While I agree with

the majority that the amendment did add little to Cervantes' knowledge of the charge against him, I cannot agree with the majority that the defendant in *Moody* was prejudiced by the alleged ambiguity in the information. I agree with the dissenting opinion's analysis in *Moody* which provided:

> The prosecution's evidence established that the defendant failed to return the trailer or inform the victim of its whereabouts within 72 hours after the return time specified in the rental agreement. The defendant does not allege that he was denied access to this evidence in discovery or at the pretrial conference. Indeed, he did not even raise the issue of any ambiguity in the information until long after it was issued, after jeopardy had attached and the state had rested its case in a jury trial. If the defendant is aware of a defect in the charge before trial, this reflects on whether he is prejudiced by it. *See People v. Buckner*, 180 Colo. 65, 504 P.2d 669 (1972). Without prejudice, it was an error of law to rule the alleged ambiguity fatal to the prosecution's case.

674 P.2d at 370–71.

By refusing to overrule *Moody*, the majority is now creating conflicting case law with artificial distinctions. On the one hand, if the prosecution attempts to amend an information after jeopardy has attached and the information deals with a time element, which is essential for the prosecution to prove beyond a reasonable doubt, the amendment will be deemed a substantive one and the defendant's motion to dismiss must be granted. On the other hand, if the prosecution attempts to amend an information after jeopardy has attached and the amendment goes to the defendant's mental state and is essential for the prosecution to prove beyond a reasonable doubt, then the defendant's motion to dismiss will be denied.

In my view, the key to determining whether an information is sufficient is who, what, where and how. *Moody*, 674 P.2d at 370 (Lohr, J., dissenting); *People v. Tucker*, 631 P.2d 162 (Colo.1981); *People v. Cooke*, 186 Colo. 44, 525 P.2d 426 (1974). In both *Moody* and *Cervantes*, the defendants knew the crime with which they were being charged prior to trial. If anything, the intent element was more important to the defendant's knowledge of the crime with which he was being charged in the present case than was the time element in *Moody*. Because the specific subsection of the statute was missing and because the language missing from the information went to Cervantes' knowledge that the person whom he had assaulted was a peace officer, one can conceive of an argument on behalf of Cervantes that he was unaware that the person he assaulted was a policeman. Under such a theory, Cervantes would argue that he had been charged under section 18–3–203(1)(a), 8 C.R.S. (1978), rather than section 18–3–203(1)(c). While such an argument is unpersuasive because the information tracked precisely the language of subsection (c), absent the omitted phrase, and because the trial judge told the prosecutor to lower the charge from first-degree assault to second-degree assault at the preliminary hearing, it counters persuasively the majority's distinction that the reasons for dismissing the information in *Moody* were more compelling than in the present case.

The information was sufficient on its face to inform Cervantes of the crime with which he was being charged. I find the dissent in *Moody* persuasive, and I am now persuaded that *Moody* should be overruled so that the law in Colorado on this issue does not rest on a distinction without a difference.

I am authorized to say that Justice ROVIRA joins me in this special concurrence.

QUINN, Chief Justice, dissenting:

I respectfully dissent. In my view, the amendment here constituted a matter of substance, not form, in that it added an element that was essential to the crime of second degree assault as defined in section 18–3–203(1)(c), 8 C.R.S. (1978), and without which that particular crime would not have

been alleged. Because Crim.P. 7(e) permits a substantive amendment to the information to be made only prior to trial and because the substantive amendment in this case was made after the trial had already commenced, I would reverse the defendant's conviction for second degree assault.

The majority turns its decision on the fact that the pretrial version of the charge, viewed in the context of the circumstances surrounding the pretrial proceedings in the case, sufficiently advised the defendant of the nature of the offense alleged against him. *See* maj.op. at 786–787. This contextual approach, however, undercuts the fundamental requirement that a criminal charge must meet established constitutional and jurisdictional requirements on the basis of the charge itself. A criminal charge, to be sufficient, must advise the defendant "of the charge he is facing so that he can adequately defend himself and be protected from further prosecution for the same offense." *People v. Moore*, 200 Colo. 481, 484, 615 P.2d 726, 728 (1980).

In determining whether a criminal accusation meets this standard of specificity, we have looked to the language of the accusation to determine whether all the essential elements of the crime were properly included within the charge. *See People v. Bowen*, 658 P.2d 269 (Colo.1983); *Moore*, 200 Colo. 481, 615 P.2d 726; *Martinez v. People*, 163 Colo. 503, 431 P.2d 765 (1967); *Fehringer v. People*, 59 Colo. 3, 147 P. 361 (1915). The failure to allege an element that is essential to constitute a crime deprives a court of jurisdiction over the subject matter. *E.g., Moore*, 200 Colo. 481, 615 P.2d 726; *People v. Garner*, 187 Colo. 294, 530 P.2d 496 (1975); *Rowse v. District Court*, 180 Colo. 44, 502 P.2d 422 (1972). By a parity of reasoning, any amendment which adds an element that is indispensable to charge a crime in the first instance is clearly a matter of substance and not merely one of form. *See People v. Moody*, 674 P.2d 366 (Colo.1984) (allegation regarding particular time theft occurred is an essential element of the crime of theft of rental property and therefore a matter of substance, not form); *Gomez v. People*,

162 Colo. 77, 424 P.2d 387 (1967) (failure of burglary information to include the particular felony intended to be committed by breaking and entering into building was a matter of substance, not form). This same principle applies to an amendment that results in elevating to a felony an accusation that is arguably sufficient to allege, at best, a misdemeanor. *People v. Johnson*, 644 P.2d 34 (Colo.App.1980), *aff'd sub nom. Gimmy v. People*, 645 P.2d 262 (1982) (affirmed on other grounds) (amendment elevating charge from third degree to second degree assault was one of substance).

Section 18–3–203(1)(c), 8 C.R.S. (1978), defines the crime of assault in the second degree as follows:

(1) A person commits the crime of assault in the second degree if:

.    .    .    .    .

(c) With intent to prevent one whom he knows, or should know, to be a peace officer or fireman *from performing a lawful duty*, he intentionally causes bodily injury to any person.

(emphasis added). It is clear from examining the statutory language that one of the essential elements of the offense of second degree assault as proscribed by section 18–3–203(1)(c) is the intent to prevent a peace officer "from performing a lawful duty." The information prior to the amendment read as follows:

[O]n or about the 5th day of May, 1979, at the said County of Weld, State of Colorado, ROBERT CERVANTES, with intent to prevent Joseph Tymkowych, whom he knew and reasonably should have known to be a peace officer, did unlawfully, feloniously, and intentionally cause bodily injury to Joseph Tymkowych.

At best, this charge accused the defendant of "unlawfully, feloniously, and intentionally [causing] bodily injury to Joseph Tymkowych" and as such, failed to include all of the essential elements of any type of second degree assault defined in section

18–3–203, 8 C.R.S. (1978).[1] When the benefit of all doubt is given to the charging language, one might possibly be able to conclude that the defendant had been charged with the misdemeanor of assault in the third degree, which is defined as knowingly or recklessly causing bodily injury to another person. § 18–3–204, 8 C.R.S. (1978).[2] Even though the court originally may have had jurisdiction over the crime of assault in the third degree on the basis of the inartfully drawn charge, the amendment subsequent to the commencement of trial resulted in a new, more serious offense being charged and, in that respect, was clearly substantive in character.

The court's resolution of this issue, in my view, distorts the purpose of Rule 7(e) by forcing that rule into the service of salvaging a felony charge that was substantively infirm due to slipshod pleading. I cannot reconcile the majority's holding in this case with the long-standing requirement of properly informing an accused of all the essential elements of a criminal charge prior to the commencement of trial.

I would reverse the conviction for second degree assault and remand the case to the district court with directions to enter a conviction for assault in the third degree.

1. The various types of assault in the second degree as proscribed by section 18–3–203(1), 8 C.R.S. (1978 & 1985 Supp.), are: with intent to cause serious bodily injury to another person and causing such injury; with intent to cause bodily injury to another person and causing or attempting to cause such injury by means of a deadly weapon; with intent to prevent one whom the offender knows, or should know, to be a peace officer or fireman from performing a lawful duty, and intentionally causing bodily injury to any person; recklessly causing bodily injury to another person by means of a deadly weapon; for a purpose other than lawful medical or therapeutic treatment, intentionally causing stupor, unconsciousness, or other physical or mental impairment to another person by administering to him, without his consent, a drug or other preparation capable of producing harm; while lawfully confined or in custody, violently applying physical force against the person of a peace officer or fireman engaged in the performance of his duties or violently applying physical force against a person engaged in the performance of duties under contract with a detention facility, and the offender knows or reasonably should know that the victim is a

peace officer, a fireman or a person under contract with a detention facility; and with intent to cause bodily injury to another person and causing serious bodily injury to that person or another.

2. In concluding that the pretrial version of the charge alleged the misdemeanor of assault in the third degree, one must specifically rely on section 18–1–503(3), 8 C.R.S. (1978), which recognizes that the element of acting recklessly is established if a person acts intentionally and that the element of acting knowingly is established if a person acts knowingly or intentionally. One must also ignore that part of the charge alleging that the defendant acted "feloniously." The term "feloniously" is generally employed in charging a felony "for the purpose of denoting the intent with which the act is charged to have been done." *Cohen v. People*, 7 Colo. 274, 275, 3 P. 385, 386 (1884). Because the defendant has conceded in his brief that the pretrial version of the information sufficiently charged third degree assault, I am willing to accept that concession for purposes of this case.