The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Jeffrey Mark WOOD,
Defendant–Appellant.

No. 87CA1116.

Colorado Court of Appeals,
Div. V.

Nov. 25, 1988.

Rehearing Denied Dec. 22, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard B. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Wayne L. Cole, Deputy State Public Defender, Englewood, for defendant-appellant.

JONES, Judge.

Jeffrey Mark Wood appeals a judgment of conviction of driving while his operator's license was revoked, a violation of § 42–2–206, C.R.S. (1984 Repl.Vol. 17), entered after a trial to the court. We reverse.

The essential facts are not in dispute. One night near 2 a.m., a police officer noticed a pick-up truck parked in the parking lot of a closed restaurant. The officer saw the vehicle back up and then move forward, generally moving from a dark to a better-lighted area of the parking lot. At no time did the vehicle leave the lot. These events led defendant, the sole occupant of the truck, to be charged with driving under the influence of alcohol and the offense being appealed. Defendant admitted driving the vehicle, and admitted he was under revocation at the time of the incident as an habitual traffic offender.

■ Defendant argues, however, that § 42–2–206 does not apply to the use of motor vehicles on private property. Consequently, he argues that his motions for judgment of acquittal should have been granted. We agree.

Section 42–2–206 provides in pertinent part that:

"(1) It is unlawful for any person to operate any motor vehicle in this state while the revocation of the department prohibiting the operation remains in effect. . . .

(2) For the purpose of enforcing this section . . . the court, before hearing such charges, shall require the district attorney to determine whether such person has been determined to be a habitual offender and by reason of such determination is *barred from operating a motor vehicle on the highways of this state.* . . ." (emphasis supplied)

As required by *People v. Moore,* 200 Colo. 481, 615 P.2d 726 (1980), defendant was charged with having operated a vehicle "on a highway." In *Moore,* our Supreme Court concluded that:

"A proper charge of a violation of section 42–2–206, C.R.S. . . . must include . . . an allegation that the accused was operating a motor vehicle *on the highways of this state* while that revocation was still in effect." (emphasis supplied)

To prove the offense, the People introduced an "Order of Revocation" directed to defendant to establish the fact of defendant's revocation. That order advises: "It is therefore ordered that your privilege to operate a motor vehicle on the *streets and highways of this State* is revoked effective 11/08/82." (emphasis supplied)

Although "street" is not statutorily defined, "highway" is defined by § 42–1–102(33), C.R.S. (1984 Repl.Vol. 17) as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. . . ." This section is made applicable to the portion of the motor vehicle code that includes § 42–2–206.

Hence, defendant, consistent with the statute, was prohibited only from operating a motor vehicle on a public highway. And, since no evidence was presented here that

his driving occurred anywhere other than on private property, the judgment of conviction may not stand.

■ As to the offense at issue here, the pertinent inquiry concerns whether defendant was driving or operating a vehicle, rather than whether he had the status of being a "driver." Thus, our holding in this case is not affected by the statutory amendment of the definition of "driver" set-out in § 42-1-102(22), C.R.S. (1988 Cum.Supp.), effective July 1, 1988. There, by deleting the qualifying phrase "upon a highway", the General Assembly extended the definition of the term "driver" to include any person who drives or is in control of a motor vehicle anywhere in the state.

■ Nor is this case affected by the Colorado Supreme Court's decision in *Motor Vehicle Division v. Warman*, 763 P.2d 558 (Colo.1988), holding that a person is driving for purposes of the express consent statute, when that person is asleep or unconscious behind the wheel of a stationary automobile with the engine running, whether it is in a public or private place. The express consent statute, by its terms, applies to one who drives "upon the streets and highways and elsewhere throughout this state." Section 42-4-1202(3)(a)(II), C.R.S. (1988 Cum.Supp.).

The judgment is reversed, and the cause is remanded to the trial court for dismissal of the charge.

PLANK and NEY, JJ., concur.