Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
March 19, 2018

**2018 CO 19**

**No. 15SC469, <u>People v. Washam</u>—Crim. P. 7(e)—Time-allegation Amendments**

In this case, the supreme court considers whether an amendment to an information narrowing the date range after trial began was permissible under Crim. P. 7(e).  To do so, as required under Rule 7(e) this court analyzes whether the amendment was one of form or substance and whether it prejudiced the defendant's substantial rights.  Because the amendment simply narrowed the date range in the information and did not prejudice the defendant's substantial rights, this court concludes the amendment was one of form and was permissible after trial began.  Hence, the trial court did not abuse its discretion in permitting the amendment to the information.

**2017 CO 19**

**Supreme Court Case No. 15SC469**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 13CA758

**Petitioner:**

The People of the State of Colorado,

v.

**Respondent:**

James Willard Washam, III.

**Judgment Reversed**
*en banc*
March 19, 2018

**Attorneys for Petitioner:**
Cynthia H. Coffman, Attorney General
Kevin E. McReynolds, Assistant Attorney General
  *Denver, Colorado*

**Attorneys for Respondent:**
Springer and Steinberg P.C.
Michael P. Zwiebel
  *Denver, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

¶1 Prosecutors charged James Willard Washam, III by information with twelve counts of sexual assault on a child. In the information, a portion of the charged date range fell outside the statute of limitations. After trial began, the prosecution successfully moved to amend the information, narrowing the date range so that it fell completely within the statute of limitations. Ultimately, Washam was convicted on all twelve counts. He appealed, arguing that under Crim. P. 7(e), the amendment to the date range was a substantive amendment, and thus the trial court abused its discretion in permitting the amendment after the trial began. A majority of a division of the court of appeals agreed, vacating Washam's convictions and ordering the charges against him to be dismissed with prejudice.

¶2 The People petitioned this court for review. We granted certiorari[1] and now conclude that because the amendment simply narrowed the date range in the information—and thereby did not add an essential element to the offense or raise issues of inadequate notice—the amendment to the information was one of form, not substance. We also conclude that because the form amendment did not prejudice Washam's substantial rights, the trial court did not abuse its discretion in permitting the amendment after trial began. Hence, we reverse the judgment of the court of appeals

---

[1] We granted certiorari to review the following issue:

1. Whether the court of appeals erred by creating a statute of limitations exception to this court's Crim. P. 7(e) jurisprudence—effectively designating any trial amendment of the date of an offense an impermissible "substantive" amendment.

and remand to that court for consideration of the remaining issues raised but unresolved on appeal.

## I.    Facts and Procedural History

¶3      Washam and the victim, M.L., lived across the street from each other. In 1994, when M.L. was twelve and Washam was twenty-five, Washam began to subject M.L. to regular sexual contact.[2] This sexual contact continued until 2000. M.L. reported Washam's conduct to law enforcement in September 2006.

¶4      In November 2007, prosecutors charged Washam by information with numerous crimes, including twelve counts of sexual assault on a child under section 18-3-405(1), C.R.S. (2007). This statute criminalizes sexual contact with a victim who is less than fifteen years of age when the actor is at least four years older than the victim. Because the General Assembly amended this statute in 2006, see ch. 119, sec. 1, § 16-5-401(1.5)(a), 2006 Colo. Sess. Laws 410, 411,[3] and because Washam was charged in 2007, there are two applicable statutes of limitations that apply to the charges against Washam under section 18-3-405(1): one for offenses committed before July 1, 1996, and another for offenses committed on or after July 1, 1996.

_____

[2] "'Sexual contact' means the knowing touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact is for the purposes of sexual arousal, gratification, or abuse." § 18-3-401(4), C.R.S. (2007). We cite to the 2007 Colorado Revised Statutes because Washam was charged in 2007, and the statutes of limitations we discuss relate to those applicable at that time.

[3] As part of that amendment, the General Assembly moved the relevant portion discussing the statute of limitations to section 16-5-401.

4

¶5    For offenses committed before July 1, 1996, the statute of limitations is ten years from the date of the assault.[4]   Accordingly, because the prosecution did not charge Washam until November 2007—more than ten years after any date prior to July 1, 1996—any offenses he committed prior to July 1, 1996, would be barred.  For offenses committed on or after July 1, 1996, there is no limit on the statute of limitations.  See § 16-5-401(1.5)(a), C.R.S (2007).  As a result of these two statutes of limitations, only sexual conduct that occurred between July 1, 1996, and April 4, 1997 (the day before M.L.'s fifteenth birthday), would constitute prosecutable charges under section 18-3-405(1).

¶6    Navigating these statutes of limitations and their triggering dates proved difficult for the prosecution.  The information initially alleged dates between January 1, 1994, and April 5, 1997, and thus included dates before July 1, 1996, that were time-barred.  By the time jury selection began, the prosecution had amended its allegations regarding the dates of the offenses three times.  Despite these amendments, at the time trial began, the dates alleged were still defective; the information alleged a date range between March 21, 1996, and April 4, 1997, for all twelve counts.  Because this date range included dates before July 1, 1996, it was partly outside the statute of limitations.

---

[4] This statute of limitations is found in section 18-3-411(2), C.R.S. (2001).  Though the statute of limitations period was amended in 2002 to be ten years from the victim's eighteenth birthday, see ch. 288, sec. 2, § 18-3-411(2)(b), 2002 Colo. Sess. Laws 1127, 1128, we ruled in People v. Summers, 208 P.3d 251, 259 (Colo. 2009), that the change was prospective only, meaning that the statute of limitations for offenses that occurred prior to July 1, 1996, remained ten years from the date of the offense.

¶7    After the jury was sworn,[5] Washam moved to dismiss the sexual-assault-on-a-child counts for lack of jurisdiction.  He pointed out that the March 21, 1996 date at the front end of the date range in the information fell outside the applicable statute of limitations.  Because all twelve counts alleged the same defective date range, Washam argued that the trial court lacked jurisdiction over all twelve charges.  In response, before delivering its opening statement, the prosecution successfully moved to once more amend the information under Rule 7(e) to allege dates that were within the statute of limitations.  Specifically, this final amendment narrowed the range of dates in the information by narrowing the front end of the range from March 21, 1996, to July 1, 1996.  This date range was no longer defective: The timeframe was not time-barred by the applicable statute of limitations, and M.L. was fourteen years old between these dates.

¶8    The jury ultimately found Washam guilty on all counts.[6]  Washam appealed.[7]  A majority of the division below vacated Washam's convictions.  The majority noted that

---

[5] And thus, after jeopardy attached.  See People v. Porter, 2015 CO 34, ¶ 9, 348 P.3d 922, 924.

[6] In addition to the twelve counts of sexual assault on a child, Washam was also convicted of one count of second-degree sexual assault.  Because only the sexual-assault-on-a-child charges are pertinent here, we do not discuss the second-degree sexual assault conviction further.

[7] Initially, Washam was sentenced to a twenty-six year aggregate term of incarceration.  While Washam's appeal was pending, the court of appeals held that convictions obtained on an information alleging time-barred charges must be vacated, based on similar facts to those here.  People v. Storm, No. 09CA2782, slip op. at 1 (Colo. App. Oct. 10, 2013).  Washam consequently moved for and obtained a limited remand to re-litigate this issue.  On remand, the trial court concluded that there was a "reasonable probability" that Washam's convictions would be vacated on appeal in light of Storm.

6

it was undisputed that March 21, 1996—the date on the front end of the range in the information when the trial began—fell outside the applicable statute of limitations, meaning Washam's appeal turned on "whether an information that charges a date range partly within and partly outside of the statute of limitations is valid." People v. Washam, No. 13CA758, slip op. at 12 (Colo. App. May 7, 2015).

¶9 The majority concluded that our opinion in Bustamante v. District Court, 329 P.2d 1013 (Colo. 1958), abrogated on other grounds by Cty. Court v. Ruth, 575 P.2d 1 (Colo. 1977), mandated that Washam's convictions be vacated because trial courts lack jurisdiction over charges where the information alleges dates outside the governing statute of limitations. Washam, slip. op. at 12. The majority further concluded that the prosecution's final amendment was impermissible because an amendment to cure a time-bar defect is substantive and therefore cannot be made under Rule 7(e) after trial has begun. Id. at 16. As a result, the majority vacated Washam's convictions for sexual assault on a child and ordered the trial court to dismiss those charges with prejudice. Id. at 33.

¶10 The partial dissent disagreed with the majority's reading of Bustamante and its progeny. Id. at 34–42 (Navarro, J., concurring in part and dissenting in part). Though the dissent acknowledged that Bustamante denies jurisdiction to trial courts over charges alleged to have occurred outside the statute of limitations period, it concluded that Bustamante did not address the issue of amending time-barred charges and thus

---

As a result, the trial court modified a portion of Washam's sentence, effectively allowing him to begin probation immediately.

7

was not controlling. Id. at 37. Rather, it read the cases following Bustamante and the adoption of Rule 7(e) to have shaped a policy favoring non-prejudicial amendments over dismissal of charges for mere technical defects. See id. at 37–42. Applying this reading of the law, the dissent concluded that the amendment here was one of form rather than substance and that it did not prejudice Washam, meaning it was permissible under Rule 7(e) even if made during trial. Id. at 47–48. Given these conclusions, the dissent would have affirmed the trial court's order permitting the final amendment. Id. at 52–53.

¶11 The People appealed, and we granted certiorari.

## II. Standard of Review

¶12 In arguing that the original information was substantively defective, Washam raises a jurisdictional challenge. See People v. Williams, 984 P.2d 56, 63 (Colo. 1999) ("[A] defect of substance fails to invoke the jurisdiction of the court."). When the facts of a jurisdictional challenge are undisputed and the question presented is solely one of law, we review the challenge de novo. Springer v. City & Cty. of Denver, 13 P.3d 794, 798 (Colo. 2000).

¶13 Conversely, we review the trial court's decision to allow the prosecution to amend an information for an abuse of discretion. People v. Moody, 674 P.2d 366, 369 (Colo. 1984). A trial court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair. Nicholls v. People, 2017 CO 71, ¶ 56, 396 P.3d 675, 687.

8

## III. Law and Application

¶14 An information is a charging document signed by the prosecutor that names the defendant and the offense charged. <u>Williams</u>, 984 P.2d at 59–60. An information may be defective in either form or substance. It is defective in substance if it fails to charge an essential element of the offense. See <u>Esquivel-Castillo v. People</u>, 2016 CO 7, ¶ 11, 364 P.3d 885, 888; <u>Williams</u>, 984 P.2d at 63. Such a defect fails to invoke the jurisdiction of the court. <u>Williams</u>, 984 P.2d at 63. But when the information "adequately advises a defendant of the charges against him," any defect in the information is one of form rather than substance. See <u>Cervantes v. People</u>, 715 P.2d 783, 786 (Colo. 1986).

¶15 Both types of defect may be cured by timely amendment. See <u>id.</u> Rule 7(e) governs the nature and timing of such amendments. It distinguishes between amendments of form and amendments of substance and establishes when each type of amendment may occur:

> The court may permit an information to be amended as to form or substance at any time prior to trial; the court may permit it to be amended as to form at any time before the verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

Crim. P. 7(e).

¶16 In this instance, because the amendment in question occurred after trial began (but before the verdict), it would only be permissible if it (1) was one of form, (2) did not charge an additional or different offense, and (3) did not prejudice Washam's substantial rights. See <u>id.</u> Thus, we first determine whether the amendment was one of form or substance. Because the amendment simply narrowed the date range in the

9

information—and thereby did not add an essential element or raise issues of inadequate notice—we conclude that it was one of form. We then review the trial court's decision to permit the form amendment for an abuse of discretion. Because the amendment did not charge an additional or different offense and did not prejudice Washam's substantial rights, we conclude that the amendment was permissible, meaning the trial court did not abuse its discretion in permitting the amendment after trial began.

## A. The Amendment Was One of Form

¶17    Washam argues that an information must allege, as an essential element, that the crime took place at a time within the applicable statute of limitations. Based on this principle, he argues that the amendment changing the date range after trial began was an impermissible substantive amendment. Accordingly, we first address whether the amendment here added an essential element of the offense that the information initially lacked; then, we discuss whether the information prior to the amendment still provided Washam adequate notice.

### 1. The Amendment Did Not Add an Essential Element of the Offense

¶18    Washam points to this court's precedent—namely, Bustamante and Moody—to support his argument that a time allegation is an essential element and that the amendment changing the time allegation here was therefore substantive.

¶19    In Bustamante, the defendant moved to quash his indictment prior to trial, asserting that the statute of limitations had expired. 329 P.2d at 1014. After the trial court denied his motion, we reviewed the trial court's decision under C.A.R. 21. The People argued that Bustamante was not entitled to pre-trial dismissal and instead had

10

to raise his statute-of-limitations argument as a defense at trial. Id. We disagreed, holding that "the statute of limitations in a criminal case is not merely a defense that may be asserted at the trial . . . [it] denies jurisdiction to prosecute an offense not committed within the period limited." Id. at 1018.

¶20 But this holding does not address the permissibility of amending a defective information when doing so would cure a defect—the question presented here. See People v. Bowen, 658 P.2d 269, 270 (Colo. 1983) ("Bustamante did not deal with the question of whether a court has jurisdiction to entertain a motion to amend an information . . . ."); see also Washam, slip op. at 37–42 (Navarro, J., concurring in part and dissenting in part). Indeed, there are several stark distinctions between Bustamante and this case. First, at the time Bustamante was decided, the Rules of Criminal Procedure, including Rule 7(e), did not exist. Second, even if Rule 7(e) had existed, it would have made little difference. Bustamante's holding addressed a defect in an indictment; therefore, Rule 7(e), governing "amendment of information," would not apply. And unlike Washam's conduct, which occurred partly outside and partly within the statute of limitations, the entirety of Bustamante's alleged conduct occurred outside the statute of limitations. In other words, while the defect in Washam's case was curable, the defect in Bustamante was not. For these reasons, Bustamante's holding is irrelevant to determining whether a court may permit an amendment to cure an information with a date range partly outside the statute of limitations.

¶21 Washam also relies on our opinion in <u>Moody</u> to argue that the time allegation is an essential element of the offense. <u>Moody</u>, unlike <u>Bustamante</u>, addresses the question of amending an information. Nevertheless, it is also distinguishable.

¶22 In <u>Moody</u>, the defendant was charged with theft of rental property under a statute that required him to possess the property for more than "seventy-two hours after the time at which he agreed to return it." 674 P.2d at 368. However, the People alleged a date range in the information when the defendant was still lawfully renting the property, before the seventy-two-hour time period had even begun to run. <u>See</u> <u>id.</u> We held that charging the defendant with possession beyond that seventy-two-hour time period was an essential element of the crime that the prosecution had to prove beyond a reasonable doubt. <u>See</u> <u>id.</u> Given that, because the original information did not allege a date range beyond that seventy-two-hour time period, we held that the trial court did not abuse its discretion in denying the prosecution's motion to <u>add</u> those dates after trial began. <u>See</u> <u>id.</u> at 368–69. Specifically, because the amendment would have added an essential element, we held the proposed amendment was one of substance and was thus impermissible after the start of trial. <u>See</u> <u>id.</u> at 368.

¶23 In this case, unlike in <u>Moody</u>, the original information already included the dates alleging the criminal conduct for which Washam was ultimately convicted. Consequently, the final amendment did not add new offense dates; in contrast, the amendment <u>narrowed</u> the dates at the front end of the range. Thus, the amendment did not add a previously absent essential element of the offense. As a result, <u>Moody</u> is also distinguishable from Washam's case.

12

¶24    Because both <u>Bustamante</u> and <u>Moody</u> are distinguishable, we are not persuaded by Washam's argument. Accordingly, we conclude that the amendment did not add an essential element of the offense.

### 2. The Information Provided Washam Adequate Notice

¶25    Next, in analyzing whether the amendment here was one of substance or form, we determine whether the original information provided notice to Washam such that he was adequately advised of the charges against him. <u>See</u> <u>Cervantes</u>, 715 P.2d at 786.

¶26    The prosecution originally charged Washam for dates from January 1, 1994, to April 5, 1997. The final amendment changed the information to dates from July 1, 1996, to April 4, 1997. Therefore, the dates for which Washam was ultimately convicted were always included in the information. Because of this, Washam was adequately advised of the charges against him. Thus, the amendment did not force Washam to defend against dates that were not previously charged. Instead, Washam had adequate notice, making the amendment here one of form.

¶27    Now that we have concluded the amendment was one of form, we next review the trial court's decision to permit the form amendment during trial.

### B. The Form Amendment Was Permissible

¶28    According to Rule 7(e), an amendment of form that occurs after the start of trial is permissible as long as the amendment does not charge additional or different offenses or prejudice the defendant's substantial rights. Under the circumstances presented here, we conclude that the amendment did neither, meaning the trial court did not abuse its discretion in permitting the amendment after trial began.

13

¶29 First, the amendment did not add an additional or different offense. The amendment did not change the statute under which Washam was charged, which remained section 18-3-405(1). See Cervantes, 715 P.2d at 788 ("[T]he information without the amendment was adequate to direct Cervantes' attention to [the statute under which he was charged].").  It did not change or increase the number of sexual-assault-on-a-child counts that Washam faced.  To the contrary, as we have discussed, the amendment narrowed the date range and consequently lowered the number of specific dates for which Washam needed to prepare his defense.

¶30 Second, the amendment did not prejudice Washam's substantial rights.  Notably, Washam provides no specific argument of prejudice; he generally asserts only that the various amendments made it impossible to know what dates to address in his defense.  But as we explained, Washam was always notified of the time frame in the case against him because the dates for which he was convicted were alleged from the beginning—over five years prior to his conviction.  Because of this, to the extent Washam's defense changed at all, it would have been only to his benefit.  As a result, no prejudice occurred.  See Bowen, 658 P.2d at 270 ("In this case, no prejudice will inure to the defendant by reason of the amendment.  If anything, he will be benefited by it, because the period of time during which he is alleged to have committed the offense will be shortened.").

¶31 Finally, the amendment occurred before either side had presented any evidence or even delivered its opening statements.  Cf. Cervantes, 715 P.2d at 788 (citing the fact that neither side had presented evidence as one factor supporting the decision to allow

14

an amendment to the information). It is therefore apparent on these facts that the amendment did not add an offense or prejudice Washam in any way, meaning it was permissible under Rule 7(e).

¶32 Construing Rule 7(e) liberally, see Bowen, 658 P.2d at 270, we conclude that because the form amendment did not prejudice Washam's substantial rights, the trial court did not abuse its discretion in permitting the amendment after trial began.

## IV. Conclusion

¶33 We conclude that the amendment to the information was one of form and that the trial court did not abuse its discretion in permitting the amendment after trial began. Therefore, we reverse the judgment of the court of appeals and remand to that court for consideration of the remaining issues raised but unresolved on appeal.