Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 21, 2018

**2018 CO 40**

**No. 18SA24, People v. Ehrnstein—Special Prosecutors—Colo. RPC 3.7—Post-trial
Proceedings.**

In this interlocutory appeal, the supreme court reviews the trial court's order
appointing a special prosecutor for the purpose of litigating the defendant's post-trial
motion for a new trial. In his motion, the defendant alleged that the prosecution had
improperly instructed a witness to evade a defense subpoena. The trial court concluded
that the Colorado Rules of Professional Conduct compelled it to appoint a special
prosecutor for the purposes of the hearing on this motion because, subject to exceptions
not pertinent here, Colo. RPC 3.7 prohibits an attorney from acting as both an advocate
and a witness during the same proceeding.

The supreme court now reverses the trial court's order and remands this case for
further proceedings. The court concludes that the trial court abused its discretion in
appointing a special prosecutor because that court misapplied the law when it found
that Colo. RPC 3.7 required the appointment of a special prosecutor in the

circumstances present here.  Specifically, Colo. RPC 3.7 serves to prevent prejudice that arises from jury confusion in cases in which an attorney serves as both counsel and witness.  Because this proceeding arises in the context of a post-trial motion, that concern is not implicated.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

### 2018 CO 40

---

### Supreme Court Case No. 18SA24

*Interlocutory Appeal from the District Court*
Adams County District Court Case No. 16CR2367
Honorable Robert Kiesnowski, Judge

---

### Plaintiff-Appellant:

The People of the State of Colorado,

v.

### Defendant-Appellee:

David Ehrnstein.

---

### Order Reversed

*en banc*
May 21, 2018

---

**Attorneys for Plaintiff-Appellant:**
Dave Young, District Attorney, Seventeenth Judicial District
Cameron Munier, Senior Deputy District Attorney
Michael Whitney, Deputy District Attorney
  *Brighton, Colorado*

**Attorneys for Defendant-Appellee:**
Samler & Whitson, P.C.
Eric A. Samler
  *Denver, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.

¶1     The District Attorney for the Seventeenth Judicial District tried appellee David Ehrnstein on the charge of incest against L.E.  After a jury convicted him, Ehrnstein filed a motion for a new trial, alleging that one of his trial prosecutors and the victim advocate in his case had instructed L.E. to avoid a defense subpoena.  Prior to holding a hearing on that motion, the trial court found that it was compelled by the rules of professional conduct to appoint a special prosecutor for purposes of the hearing.  Pursuant to sections 16-12-102(2) and 20-1-107(3), C.R.S. (2017), the district attorney filed an interlocutory appeal in this court, and we must now determine whether the trial court abused its discretion in appointing the special prosecutor.[1]  We conclude that the trial court abused its discretion because it misapplied the law when it concluded that Colo. RPC 3.7 required the appointment of a special prosecutor for purposes of the hearing on the new trial motion in this case.

¶2     Accordingly, we reverse the trial court's order and remand this case for further proceedings.

## I.  Facts and Procedural History

¶3     As pertinent here, the district attorney charged Ehrnstein and a jury convicted him of one count of incest.  Thereafter, Ehrnstein filed a motion for a new trial.  In this

---

[1] We note that in their Notice of Interlocutory Appeal, the People framed the issue in this case as follows: "Did the district court err when it disqualified the District Attorney?"  It is not clear to us, however, that the trial court in fact "disqualified" the district attorney from all further proceedings in this case, rather than simply ruling that the district attorney could not ethically participate in the hearing on the new trial motion.  Accordingly, for purposes here, we will treat the district court's ruling as an order disqualifying the district attorney and appointing a special prosecutor for purposes of the hearing on the new trial motion only, and we limit our review to whether the district court abused its discretion in entering that narrow order.

motion, he alleged that at trial, he had attempted to call a witness to testify regarding prior inconsistent statements made by L.E. He anticipated that the witness would testify that shortly after the events at issue, L.E. had told the witness that she did not remember any details of what had happened and that she speculated that she must have been drugged. The prosecution objected to Ehrnstein's request to call the witness because Ehrnstein had not previously confronted L.E. with those statements, as required before impeaching a witness with prior inconsistent statements. See CRE 613(a). As a result, Ehrnstein attempted to serve L.E. with a subpoena to secure her further appearance at trial in order to lay a proper foundation for impeaching her testimony.

¶4 According to the new trial motion, Ehrnstein's investigator attempted to serve the subpoena at L.E.'s home. When the investigator knocked on L.E.'s door, an unknown person answered and asked the investigator to wait while he or she asked if L.E. would come to the door. L.E., however, did not come to the door. Instead, the investigator apparently heard someone inside the residence make a telephone call and inquire as to how to handle the situation. The individual returned and told the defense investigator that L.E. would not accept the subpoena.

¶5 Ehrnstein's motion further asserted that his counsel then brought this issue to the attention of the trial court and requested assistance from the court and the prosecutor in securing service on L.E. The prosecutor objected, however, and the court denied Ehrnstein's request.

¶6 Thereafter, according to the motion, two of Ehrnstein's family members informed counsel that they were in court during the discussion of the subpoena and overheard a conversation between the victim advocate and one of the deputy district attorneys prosecuting the case, in which the deputy district attorney instructed the victim advocate to direct L.E. not to answer the door of the residence. The motion observed that statutory law prohibits attempting to or inducing a witness to avoid legal process and that Ehrnstein had suffered irreparable harm by the prosecutor's actions, thereby necessitating a new trial.

¶7 The trial court convened a hearing to consider the motion for a new trial, and prior to taking any testimony, the court sua sponte asked Ehrnstein's counsel whether the trial court "need[ed] to appoint a special prosecutor" for purposes of the motion. Defense counsel responded, "I imagine so."

¶8 After then taking testimony from the victim advocate and from both of the family members who had reported the above-noted conversation between the advocate and one of the prosecutors, the trial court took a recess, and when it returned to the bench stated, "Under the circumstances, I am compelled to, over the government's objection, appoint a special prosecutor and set this matter for an evidentiary hearing." The court directed the prosecution to contact another jurisdiction to consider its appointment as special prosecutor and to set the matter for a status conference to determine who the new prosecutor would be.

¶9 Prior to the scheduled conference, the district attorney filed a motion to reconsider the trial court's appointment of a special prosecutor, arguing that a

4

prosecutor could only be disqualified under the provisions of section 20-1-107, C.R.S. (2017), and that the requirements of that statute had not been met in this case. The motion further argued that the allegations were "wholly without merit" and were "merely a stall tactic designed to circumvent the jury's verdict and the application of justice in sentencing." Finally, the motion asserted that "the defendant has received a fair trial and the case is no longer procedurally at a phase where the district attorney can be disqualified."

¶10 The parties subsequently appeared for the scheduled status conference, and at that conference, the trial court denied the motion to reconsider. In so ruling, the court stated:

> We're at post trial. When we have a situation where, for example, an allegation of improper unethical conduct post trial issue [sic] comes to light, the [disqualification] statute can't possibly apply. We default to the case law that gives me broad discretion under the circumstances to appoint a special prosecutor if I deem that most appropriate.
>
> There is an appearance, although I have not determined one way or the other whether any unethical conduct occurred. There has been raised the appearance of prosecutorial misconduct. You may not act as witness and lawyer simultaneously. It's the [sic] violation of the code of professional responsibility under the circumstances.

¶11 The prosecution then filed a motion to stay the hearing on the merits of the new trial motion as well as the present interlocutory appeal, asking this court to review the district court's order.

## II. Analysis

¶12 We first address the standard of review governing orders appointing a special prosecutor. We then discuss Colo. RPC 3.7 and conclude that because that Rule is

5

generally inapplicable in the context of a post trial motion, the trial court abused its discretion in relying on that Rule to appoint a special prosecutor on the facts of this case.

## A. Standard of Review

¶13    We review a district court's decision to appoint a special prosecutor for an abuse of discretion. See People v. Cty. Court, 902 P.2d 413, 413 (Colo. App. 1994) (affirming the district court's determination that the county court had abused its discretion by requiring the appointment of a special prosecutor); People v. Cty. Court, 854 P.2d 1341, 1343 (Colo. App. 1992) (reviewing for an abuse of discretion a county court order that, among other things, appointed a special prosecutor); cf. People v. Epps, 2017 CO 112, ¶ 14, 406 P.3d 860, 864 (noting that district courts have broad discretion in determining whether to disqualify a district attorney from prosecuting a particular case). A district court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair. Epps, ¶ 14, 406 P.3d at 864. This standard is satisfied when, among other things, the court misapplies or misconstrues the law. See id.; DeLong v. Trujillo, 25 P.3d 1194, 1197 (Colo. 2001).

## B. Appointment of Special Prosecutor

¶14    In this case, the trial court premised its decision to appoint a special prosecutor entirely on the so-called "advocate-witness rule." Fognani v. Young, 115 P.3d 1268, 1272 (Colo. 2005). The trial court concluded that under this rule, the assistant district attorneys who had prosecuted Ehrnstein could not litigate the new trial motion because a person cannot act as a witness and lawyer simultaneously. Although the court did

not specifically reference Colo. RPC 3.7, the record makes clear that this is the Rule on which the court relied, and we proceed to address whether the court correctly did so.[2]

¶15    Under Colo. RPC. 3.7(a), "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness," subject to certain exceptions not pertinent here. As we have explained, this Rule "is directed at the lawyer's courtroom activity, preventing the lawyer from acting as an 'advocate at trial.'" Fognani, 115 P.3d at 1276. "The basic reason for [this] limitation is to protect the integrity of the adversary process by separating the lawyer's role as an advocate from that of a witness." People v. Garcia, 698 P.2d 801, 805 (Colo. 1985).

¶16    The overriding purpose of Colo. RPC 3.7 is to avoid prejudice associated with jury confusion. See Fognani, 115 P.3d at 1276–77. Accordingly, an attorney who is also a necessary witness should not participate in activities that would reveal the attorney's dual role to a jury. See id. at 1277. Such concerns are generally not implicated, however, in the context of pre- and post-trial litigation in front of a judge. Id. at 1270

---

[2] We acknowledge that our prior case law raises a question as to whether a violation of Colo. RPC 3.7 could provide a basis on which to disqualify a district attorney. See, e.g., People in Interest of N.R., 139 P.3d 671, 674–75 & n.3 (Colo. 2006) (noting that section 20-1-107 defines the sole grounds under which disqualification of a district attorney is proper but leaving open the question of whether the legislature's claim of exclusive authority to determine the bases on which a district attorney may be disqualified conflicts with the judiciary's inherent authority to protect its dignity, independence, and integrity); id. at 678–79 (Bender, J., concurring in part and dissenting in part) (disagreeing that section 20-1-107 provides the sole means by which a trial court may disqualify a district attorney and opining that trial courts retain their inherent authority to act in this area absent legislative authorization). We need not decide that question here, however, because we conclude that even if the Rule could provide a basis for disqualification, the trial court erred in relying on that Rule to appoint a special prosecutor on the facts of this case.

7

("Because the advocate-witness rule is directed at the attorney's trial activity, we limit the scope of that disqualification to advocacy at trial."); see also People in Interest of S.G., 91 P.3d 443, 450 (Colo. App. 2004) ("[Colo. RPC 3.7(a)] has been interpreted to permit a lawyer who may be a necessary witness to continue to represent a client 'in all litigation roles short of trial advocacy.'") (quoting Colo. Bar Ass'n Ethics Comm., Formal Op. 78 (revised 1997)); Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell, 239 F. Supp. 2d 1170, 1174 (D. Colo. 2003) ("Rule 3.7(a) is a prohibition only against acting as an 'advocate at trial.' Its purpose is to avoid jury confusion at trial. It does not automatically require that a lawyer be disqualified from pretrial activities, such as participating in strategy sessions, pretrial hearings, settlement conferences, or motions practice."). Trial courts retain discretion, however, to preclude an attorney from playing "a role in the presentation short of trial" when such activity could be admissible at trial and would therefore "reveal the attorney's dual role to the jury," thus undermining the purpose of Colo. RPC 3.7. Fognani, 115 P.3d at 1276–77.

¶17 Here, as we understand it, the trial court's order appointing a special prosecutor extended only to a post-trial hearing on a motion for a new trial. The jury had already been excused and thus would never have learned that members of the district attorney's office had acted as both the prosecution and witnesses.

¶18 Accordingly, based on the above-discussed authorities, we conclude that Colo. RPC 3.7 is inapplicable here, and because the trial court believed that that Rule compelled its decision, we conclude that the trial court misconstrued the law and therefore abused its discretion. See Epps, ¶ 14, 406 P.3d at 864; DeLong, 25 P.3d at 1197.

¶19 In reaching this conclusion, we emphasize its narrow nature. Specifically, as noted above, we are addressing only the trial court's order, premised on Colo. RPC 3.7, appointing a special prosecutor for purposes of the hearing on the new trial motion. Although the parties have raised a number of other issues in their briefs, including the applicability of section 20-1-107 generally and Ehrnstein's right to call the deputy district attorneys as witnesses during the hearing on the new trial motion, we view those questions as beyond the scope of the narrow issue before us, and we express no opinion on them.

### III. Conclusion

¶20 For these reasons, we conclude that the trial court abused its discretion in relying on Colo. RPC 3.7 to appoint a special prosecutor for purposes of the hearing on Ehrnstein's new trial motion. We therefore reverse that order and remand this case for further proceedings consistent with this opinion.